UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROGER HILL, INDIVIDUALLY AND ON BEHALF OF CODY ALLAN HILL, DECEASED, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:10-CV-1111-B |
| UNION PACIFIC RAILROAD COMPANY, | § § § | |
| Defendant. | § | |

## MEMORANDUM ORDER

Currently pending before the Court is Defendant Union Pacific Railroad Company's Rule 12(b)(7) Motion and Original Answer to Plaintiff's Original Complaint (doc. 4). Upon review of the Motion, the Court has determined that, prior to resolving it, it is appropriate to consider the threshold question of whether or not the Court should stay this case under the *Colorado River* Abstention Doctrine pending the resolution of the apparent parallel state court proceeding brought by Stacy Finch-Williams.

This is a wrongful death action arising out of a collision between a front-end loader driven by Plaintiff's 24-year-old son and a train, operated by Union Pacific, in Parker County, Texas on June 5, 2008. (Pl.'s Original Compl. ¶¶ 5-7). As a result of this collision, Plaintiff's son died. (*Id.* at ¶ 7). On June 3, 2010, Plaintiff brought the instant wrongful death action against Union Pacific, asserting causes of action of negligence, negligence per se, and malice. (*Id.* at ¶¶ 8-12). Union Pacific filed

its answer to Plaintiff's complaint July 16, 2010 (doc. 4). Accompanying the answer, Union Pacific also filed a Motion to Dismiss pursuant to Rule 12(b)(7) of the Federal Rules of Civil Procedure. Union Pacific alleges that Plaintiff's failure to join the decedent's natural mother, when the mother has also allegedly brought a wrongful death suit in state court, will potentially expose Union Pacific to "double, multiple, or otherwise inconsistent obligations because of the claimed interests." (Def.'s Rule 12(b)(7) Mot. and Original Answer ¶ 0.2). Union Pacific therefore seeks the mother's joinder as a plaintiff in this case. (*Id.* at ¶ 0.3). Plaintiff never responded to Union Pacific's Motion to Dismiss.

The Court declines to consider the merits of Union Pacific's Motion at this time because the mother's joinder in the instant suit would have no effect on the fact that parallel litigation will be occurring in federal and state court. Under Texas law, only one wrongful death suit shall be brought for a decedent's death, and this action "shall be for the benefit of all parties entitled to recover." *Avila v. St. Lukes Lutheran Hosp.*, 948 S.W.2d 841, 850 (Tex. App.–San Antonio 1997, pet. denied) (citing TEX. CIV. PRAC. & REM. CODE § 71.004); *see* TEX. CIV. PRAC. & REM. CODE § 71.004(b) ("The surviving spouse, children, and parents of the deceased may bring *the action* or one or more of those individuals may bring *the action* for the benefit of all." (emphasis added)); *Morin v. Ford Motor Co.*, Nos. 3:07-CV-1700-L & 3:08-CV-779-L, 2009 WL 2486027, at *2 (N.D. Tex. Aug. 12, 2009) (Lindsay, J.). The concern is that defendants should be protected against "the bringing of several suits arising out of the same transaction." *Avila*, 948 S.W.2d at 850. While only one wrongful death suit should be brought, that suit should be one "where all of the beneficiaries appear as plaintiffs actively presenting their claim, or one in which one or some of the beneficiaries purport to prosecute a claim for the benefit of all entitled under the act." *Id.*

Under certain circumstances, a federal court may abstain from resolving a dispute that is also pending in state court in the interests of "conservation of judicial resources and comprehensive disposition of litigation." *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976). Citing the *Colorado River* Abstention Doctrine, the Fifth Circuit has noted that a district court "may abstain from a case that is part of parallel, duplicative litigation only under 'exceptional' circumstances." *Kelly Inv., Inc. v. Cont'l Common Corp.*, 315 F.3d 494, 497 (5th Cir. 2002). The Court went on to list six relevant factors courts should consider in determining whether "exceptional circumstances" exist: "(1) assumption by either court of jurisdiction over a res, (2) relative inconvenience of the forums, (3) avoidance of piecemeal litigation, (4) the order in which jurisdiction was obtained by the concurrent forums, (5) to what extent federal law provides the rules of decision on the merits, and (6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction." *Id.* Courts have the authority to raise the issue of *Colorado River* abstention *sua sponte*. *Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 737 n.1 (5th Cir. 1999).

The Court finds that several of the factors delineated above are potentially present in the instant case. Thus, it **DIRECTS** the parties submit briefing on whether or not the instant case should be stayed pending the resolution of Stacy Finch-Williams' pending state court claim **on or before Wednesday, November 17, 2010**. The Court will address Union Pacific's pending Motion to Dismiss only after it has considered the parties' briefing.

SO ORDERED.

DATED November 3, 2010

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE